Clay RAMSEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1717.

United States District Court
E. D. Tennessee,
Northeastern Division.

Nov. 14, 1963.

Clay Ramsey, pro se.

John H. Reddy, U. S. Atty., Chattanooga, Tenn., David E. Smith, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

NEESE, District Judge.

Charged by an indictment returned on March 8, 1963 with violating the internal revenue laws relating to distilled spirits,

the petitioner Clay Ramsey, on April 2, 1963, appeared before the Court for arraignment. He executed an affidavit of his indigency and, at his request, the Court appointed J. Mays, Esquire, an experienced trial counsel and member of the Bar of this court, to represent him. After consultation with counsel, the petitioner was arraigned and entered his pleas of not guilty to each of the five counts of the indictment returned against him. On April 24, 1963, following the vigorous defense of the petitioner by this attorney, Ramsey was found guilty by a jury on all five counts of the indictment. After receipt of a report of a presentence investigation of the petitioner, on May 16, 1963, he again, with the same counsel, appeared before the Court for imposition of judgment and was sentenced to the custody of the Attorney General of the United States for imprisonment for an aggregate term of 36 months under the third and fifth counts of the indictment, imposition of sentence on the remaining counts thereof being suspended and the petitioner being placed on probation for five years following the service of his sentence. The petitioner is now confined by virtue of said sentence and commitment. By his motion to vacate the sentence, filed October 21, 1963, under the provisions of 28 U.S.C. § 2255, the petitioner challenges the validity of his conviction and resulting confinement on the grounds, to wit: (a) that he was represented by " * * * counsel who was Attorney J. Mays, and later Attorney Douglas Ammitt [sic], who supposedly was appealing the conviction * * *" but that such appeal was not properly prosecuted and petitioner now " * * * finds himself in prison, duped by this [sic] said attorneys * * *"; (b) that the Court committed error and violated his constitutional rights by " * * * refusing * * *" the petitioner the right to have witnesses in his behalf and to " * * * confront and cross examine the chief witness against him, one Willie Bright, Jr."; (c) that he was denied the effective assistance of counsel during his trial, which matter was called to the attention of the

Court; and (d) that he was denied the due process of law and his "constitutional rights".

■ The Court has reviewed the files, sound recordings of the trial and every other stage of the proceedings against the petitioner, and the entire record in this case and, in the exercise of discretion, will determine the motion from those sources without granting an oral hearing and requiring the presence of the petitioner in this court. Malone v. United States, C.A.6th (1962), 299 F.2d 254, 256 [6].

■ Even if it were shown that the failure of the petitioner to appeal was due to a mere neglect of his counsel, which has not been done, there must be a further showing, also not present here, that there was plain reversible error in the trial. Mitchell v. United States, (1958), 103 U.S.App.D.C. 97, 254 F.2d 954, 955. The record in criminal action #6678 in this court, United States v. Clay Ramsey, reflects that Mr. Mays, Esquire, was the only counsel of record for the petitioner; there is no indication anywhere that Douglas Amick, Esquire, a member of the Bar of this court, ever represented the petitioner. Mr. Mays, Esquire, was appointed to represent the petitioner in said action, " * * * to serve without fee until at least ten (10) days following the imposition of any sentence herein or until relieved by further order of this Court." There was, and is, no further order so relieving Court-appointed counsel.

■ There was testimony elicited on the trial of the criminal action against the petitioner that Willie Bright, Jr. was a juvenile who was arrested at the site of the same unlawful distillery with the petitioner. Bright was not called as a witness by the prosecution, and no statements allegedly made by Bright were offered in evidence; thus, Bright was not "the chief witness" against him, as the petitioner claims. Neither is there indication anywhere in the record that the petitioner undertook to secure, or desired to secure, Bright or anyone else as a

witness in his behalf. Assuming, *arguendo,* that the petitioner was denied process to compel the attendance of Bright or some other person as his witness, such denial would have been reviewable on appeal only for an abuse of the Court's discretion and is not reviewable in a proceeding to vacate the sentence. United States v. Shields, C.A.6th (1961), 291 F.2d 798, certiorari denied (1961), 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed.2d 196, rehearing denied (1962), 368 U.S. 962, 82 S.Ct. 401, 7 L.Ed.2d 393. 28 U.S.C. § 2255 can never be utilized as a substitute for an appeal. Sunal v. Large (1947), 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982.

There is nothing in the record of the trial here involved that could indicate any lack of capable and intelligent representation of the petitioner and the capable handling of his defenses, nor does that record reflect anywhere that the petitioner ever called the Court's attention to any alleged denial of effective counsel. " * * * Many questions may arise in the course of a trial which must be left to the decision of the defense attorney. The fact that a different or better result may have been obtained if a different decision had been made, does not mean that the defendant has not had the effective assistance of counsel. * *

" * * * 'Few trials are free from mistakes of counsel. How much these mistakes contributed to the result can never be measured. There are no tests by which it can be determined how many errors an attorney may make before his batting average becomes so low as to make his representation ineffective. The only practical standard in [proceedings of this type] is the presence or absence of judicial character in the proceedings as a whole. * * * ' " O'Malley v. United States, C.A.6th (1961), 285 F.2d 733, 734–735 [3–4, 5], quoting from Diggs v. Welch, (1945), 80 U.S.App.D.C. 5, 148 F.2d 667, 670 [3, 4], certiorari denied (1945) 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002. This Court finds no such absence of judicial character here.

The petitioner sets forth no facts as entitling him to relief because of any alleged denial of due process of law or because of any denial of his constitutional rights. " * * * Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing. [citing cases] * * * " O'Malley v. United States, supra, 285 F.2d at page 735 [4, 5].

The Court, therefore, finds and concludes that the petitioner's motion is without merit. All relief sought by the petitioner being denied, the clerk shall forthwith prepare, sign, and enter a judgment denying and overruling said motion, Rule 58(1), Federal Rules of Civil Procedure.