363 F.2d 154
 Clarence R. BOSLER, Appellant,
v.
Harold R. SWENSON, Warden, Missouri State Penitentiary
Jefferson City, Missouri,* Appellee.
*Subsequent to the institution of this proceeding, Harold R.
Swenson succeededElbert V. Nash as Warden of the
Missouri State Penitentiary.
 No. 17596.
 United States Court of Appeals Eighth Circuit.
 July 14, 1966. Rehearing Denied Aug. 11, 1966.
 
 Clarence R. Bosler, pro se.
 Thomas F. Eagleton, Atty. Gen., Jefferson City, Mo., and Howard L. McFadden, Asst. Atty. Gen., Jefferson City, Mo., for appellee.
 Before JOHNSEN, MATTHES and RIDGE, Circuit Judges.
 PER CURIAM.
 
 
 1
 We granted a certificate of probable cause and permitted Clarence R. Bosler, hereinafter referred to as Bosler or appellant, to appeal in forma pauperis from the order of the United States District Court denying his petition for writ of habeas corpus.
 
 
 2
 Bosler is a state prisoner in the Missouri State Penitentiary. He was indicted and tried in the Circuit Court of St. Louis, Missouri, for the offense of robbery in the first degree by means of a dangerous and deadly weapon.
 
 
 3
 The indictment alleged that Bosler had previously been convicted of 5 separate felony offenses. The trial court, in accordance with Sec. 556.280 RSMo 1959, V.A.N.S. (Habitual Criminal Act), held a hearing and determined that appellant had previously been convicted of the five alleged felonies. Following the jury's verdict finding Bosler guilty of the robbery charge, the court rendered judgment of conviction and assessed Bosler's punishment at imprisonment in the State Penitentiary for a term of 25 years. The Supreme Court of Missouri affirmed State v. Bosler, 366 S.W.2d 369 (April 8, 1963).
 
 
 4
 Prior to the submission of the appeal, Bosler filed a motion to vacate the sentence, pursuant to Rule 27.26, Missouri Rules of Criminal Procedure, V.A.M.R. The motion was denied, and the appeal from this order was consolidated with the appeal from the judgment of conviction. The denial of the motion to vacate was also affirmed. Pp. 373, 374 of 366 S.W.2d.
 
 
 5
 Thereafter, Bosler sought habeas corpus relief in the United States District Court, Western District of Missouri. His petition, considered by the court on the record of the State proceedings, was denied. On application for a certificate of probable cause, we directed the District Court to give consideration to Bosler's claim that he was denied counsel on the appeal taken by him from the judgment of conviction, and to determine whether the refusal of counsel constituted a denial of due process as 'related to the justification for such refusal by the Missouri Supreme Court * * * on the basis of its Rules 28.02 and 27.20.' The District Court, in response to our directive, explored the question in light of Rules 28.02 and 27.20, concluded that Missouri procedure, applicable to appeals in criminal cases, satisfies the demands of due process, and again denied the writ.
 
 
 6
 We revert to the pertinent incidents of the case as it progressed through the Missouri Courts. Appellant was represented in the trial of the robbery charge by court appointed counsel, who prepared and filed a motion for new trial and, after it was denied, filed a notice of appeal. Subsequently, appointed counsel was relieved by the court from further service in connection with the appeal. Bosler then sought appointment of a lawyer to represent him on the appeal and, upon being denied counsel for that purpose, prepared and filed a brief pro se. The State of Missouri concedes Bosler was an indigent.
 
 
 7
 The meritorious and crucial question for decision is two-fold. (1) Does the Missouri procedure satisfy the teachings of the Supreme Court of the United States in Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)? (2) If not, are we required to apply the Douglas principle to this case?
 
 
 8
 Missouri Rule 27.20 provides that the motion for new trial must set forth in detail and with particularity the specific grounds for a new trial. The Supreme Court of Missouri has recognized that this rule imposes a duty on the reviewing court to examine the record and the assignments of error in a motion for new trial which comply with the requirement that the grounds for new trial be specified with particularity. State v. Donnell, 351 S.W.2d 775 (Mo.Sup. 1961), cert. denied sub nom. Donnell v. Missouri, 374 U.S. 811, 83 S.Ct. 1703, 10 L.Ed.2d 1035 (1963); State v. Turner, 272 S.W.2d 266, 48 A.L.R.2d 1008 (Mo.Sup. 1954).
 
 
 9
 Under Rule 28.02, assignments of error respecting the sufficiency of information or indictment, verdict, judgment and sentence shall be unnecessary upon an appeal, and the appellate court shall render judgment as to these matters upon the record before it. This rule further provides that if the appellant files a brief, assignments of error in the motion for new trial, not presented in the brief, shall be deemed waived or abandoned. State v. Smith, 365 S.W.2d 505 (Mo.Sup. 1963). But see State v. Donnell, supra; State v. Russell, 324 S.W.2d 727 (Mo.Sup. 1959); State v. Mace, 295 S.W.2d 99 (Mo.Sup. 1956) where, because of the inadequacy of the pro se briefs, the court examined the assignments of error stated in the motion for new trial which were sufficiently specific to comply with Rule 27.20.
 
 
 10
 Prior to March 1, 1964, indigent defendants were not, by rule, entitled to appointment of counsel on appeal in noncapital cases. Numerous defendants were therefore required to, and did represent themselves in the appellate court. However, the conclusion is warranted that the Missouri Supreme Court, in application of its rules, has been careful to protect the rights of indigent defendants where there had been substantial compliance with the provisions of the rules relating to specifications of errors in the motion for a new trial. Indeed, that Court has reversed convictions in cases where the defendant was without representation, or where the attorney who represented appellant had filed no brief in his behalf. State v. Sprout, 365 S.W.2d 572 (MoSup. 1963); State v. Walker, 365 S.W.2d 597 (Mo.Sup. 1963); State v. Stegall, 353 S.W.2d 656 (Mo.Sup. 1962); State v. Kiddoo, 354 S.W.2d 883 (Mo.Sup. 1962); State v. Fenner, 358 S.W.2d 867 (Mo.Sup. 1962); State v. Stuver, 360 S.W.2d 89 (Mo.Sup. 1962); State v. Summers, 362 S.W.2d 537 (Mo.Sup. 1962); State v. Odum, 351 S.W.2d 10 (Mo.Sup. 1961). All of this, however, does not in our judgment satisfy the dictates of the Supreme Court of the United States.
 
 
 11
 In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (March 18, 1963), the Supreme Court held that the right of an indigent defendant in a state criminal case to have the assistance of counsel is a fundamental right essential to a fair trial, and that petitioner Gideon's trial and conviction without the assistance of counsel violated the Fourteenth Amendment. Contemporaneously, the Supreme Court decided Douglas v. People of State of California, supra, and ruled that where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel in a state criminal case, there has been a discrimination between the rich and poor which violates the Fourteenth Amendment. The Douglas decision struck down the California procedure under which the appellate court of that state, upon request of an indigent for counsel, may make "an independent investigation of the record and determine whether it would be of advantage to the defendant or helpful to the appellate court to have counsel appointed. * * * After such investigation, appellate courts should appoint counsel if in their opinion it would be helpful to the defendant or the court, and should deny the appointment of counsel only if in their judgment such appointment would be of no value to either the defendant or the court.' People v. Hyde, 51 Cal.2d 152, 154, 331 P.2d 42, 43.' Id. at 355, 83 S.Ct. at 815.
 
 
 12
 Seemingly, under Missouri practice, the trial court was authorized in its discretion, to appoint counsel to represent the defendant on appeal. Failing so to do, the defendant had no recourse but to prosecute his appeal, on his own, as best he could. If, by his ingenuity, he properly briefed and presented all assignments of error specifically stated in his motion for new trial, the reviewing court would, in compliance with the rules, engage in due appraisal of the points presented in the brief. As heretofore observed, the Missouri Court has indulged in greater liberality where pro se briefs have proved inadequate, and has in such circumstances looked to the motion for new trial to ascertain the errors complained of. This practice, admirable though it may be, does not eliminate the element of discrimination condemned in Douglas: 'the indigent, where the record is unclear or the errors are hidden, has only the right to a meaningless ritual, while the rich man has a meaningful appeal.' P. 358 of 372 U.S., p. 817 of 83 S.Ct.
 
 
 13
 It is not without significance that the Supreme Court of Missouri recognized the impact of the Douglas rule and the frailties of the prevailing Missouri procedure when viewed in the light of Douglas by amending Rule 29.01 on July 9, 1963, effective March 1, 1964, to provide: 'When a defendant is convicted of a felony, is sentenced therefor and desires to appeal, if it appears from a showing of indigency that the defendant is unable to employ counsel the trial court shall appoint counsel to represent him upon such appeal; such counsel may, in the discretion of the court, be the same counsel who represented the defendant at the trial or other counsel.' See also Simeone & Richardson, The Indigent and His Right to Legal Assistance in Criminal Cases, 8 St. Louis U.L.J. 15, 27-28 (1963).
 
 
 14
 Despite Missouri's forward treatment of indigents under the former practice, we are impelled to conclude that the procedure failed to conform to the concept formulated by the Supreme Court in Douglas.
 
 
 15
 The question remains whether the Supreme Court of Missouri was required to give recognition to the Douglas rule even though Bosler's appeal had evidently been submitted before Douglas was decided.
 
 
 16
 The decision in Douglas was announced March 18, 1963, three weeks prior to the date (April 8, 1963) the Missouri Supreme Court filed its opinion in Bosler's case. An analysis of the Supreme Court opinions dealing with prospective or retroactive applicability of constitutional decisions points unmistakably to the proposition that the Douglas rule must be applied to cases pending on direct review at the time it was rendered.
 
 
 17
 In Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the Court held that the exclusionary rule announced in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), does not apply to convictions which had become final before its rendition. However, as the Court observed in Linkletter, 'thay decision (Mapp) has also been applied to cases still pending on direct review at the time it was rendered.' Id. at 622, 85 S.Ct. at 1734. In footnote 4, the Court cites in support of the quoted statement Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). Each of these decisions applied the Mapp exclusionary rule to convictions still pending on appeal at the time of the Mapp decision.
 
 
 18
 As recent as June 20, 1966 the Supreme Court held in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, that Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966), are not to be applied retroactively. More specifically, the Court held that Escobedo affects only those cases in which the trial began after June 22, 1964, the date of the Escobedo decision, and that Miranda applies only to those cases in which the trial began after it was decided on June 13, 1966. Of greater significance to the question before us is the Court's statement on page 732 of 384 U.S., on page 1780 of 86 S.Ct.: 'Decisions prior to Linkletter and Tehan (Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453, January, 1966) had already established without discussion that Mapp and Griffin (Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, 1965) applied to cases still on direct appeal at the time they were announced. See 381 U.S., at 622 (85 S.Ct. at 1734) and n. 4, 85 S.Ct., at 1237; 382 U.S., at 409, n. 3, 86 S.Ct. at 461.'
 
 
 19
 From the foregoing we conclude that Douglas does apply and therefore controls this case. Bosler's direct appeal from the conviction had not been decided and was still pending when the Douglas decision was announced. This being the situation, the Supreme Court of Missouri was required to heed and give effect to the teachings of that case. Having failed so to do, we are compelled to intervene.
 
 
 20
 The judgment denying the writ of habeas corpus is hereby vacated and the case is remanded to the District Court. The District Court shall hold the matter open for a period of 90 days after the issuance of our mandate herein, during which time the State of Missouri, through its Attorney General, will be entitled to make such application to the Supreme Court of Missouri as may be available under Missouri law, in either regular or extraordinary proceedings, with the right to request that appellant make such joinder therein as may be necessary under Missouri practice, to have the judgment affirming appellant's conviction set aside or declared to be invalid, and to have counsel appointed and a review made of appellant's trial proceedings, equivalently as if this had originally been done. If no such application is made to the Supreme Court of Missouri within the 90 days allowed, the District Court shall grant the writ. If such an application is made and proceedings thereon are had with due diligence, the District Court shall hold the matter open until the final action of the Supreme Court of Missouri in the case, and shall thereafter make such disposition of the petition for a writ as is called for by the situation.
 
 
 21
 Judge Ridge, a member of the panel to which this case was submitted, did not, by reason of illness, participate in the final determination or the preparation of this opinion.