STATE of Missouri, Respondent,

v.

Hugh E. MANESS, Appellant.

No. 51503.

Supreme Court of Missouri,
Division No. 2.

Oct. 10, 1966.

Motion for Rehearing or Transfer to
Court En Banc Denied
Nov. 14, 1966.

Norman H. Anderson, Atty. Gen., Moody Mansur, Asst. Atty. Gen., Jefferson City, for respondent.

Hugh E. Maness, pro se.

BARRETT, Commissioner.

Upon a jury trial in Jefferson County, on March 29, 1939, with court-appointed counsel, Hugh E. Maness was found guilty of forcible rape and sentenced to fifty years' imprisonment. And now after the lapse of more than 25 years, August 1964, Maness instituted this proceeding under Criminal Rule 27.26, V.A.M.R., to vacate the original judgment and sentence. The Circuit Court of Jefferson County appointed counsel to represent Maness in this proceeding, a hearing was had upon his petition to vacate the 1939 judgment and at the conclusion of the hearing the court denied the motion, stating among other reasons that "neither in his motion to vacate or in evidence at the hearing on the motion was there suggestion of error which might have warranted a new trial."

While his pro se 27.26 motion was a combined petition, brief and argument, the gist of his complaint was that his 1939 trial counsel "failed to, and did not take any steps to secure an appeal of this Court's Judgment and Sentence and did further fail to respond to any communications sent to him by the defendant, or to in any way advise the defendant upon the nature and extent of his right to such an appeal or as to the possible means for securing such an appeal." In this connection it was alleged that his trial lawyer was inexperienced and "abandoned the defense in this cause," meaning presumably that he did not take the necessary preliminary steps and perfect an appeal to this court. Incidentally the only extant records relating to the original trial are the information, the court's minutes and the clerk's records, "no transcript of the trial is presently available due to the death of the court reporter." In any event in support of his present motion Maness said that he did not know how to go about "getting" an appeal, that he told the jailer as well as his sisters to tell his lawyer that "I want to see him to appeal it for me," but he did not hear from his lawyer. When asked whether and how he had been prejudiced through the lack of an appeal he

said, "I don't think I had no one to help me, so there it was prejudice somewhere. I would have got a appeal. * * * I figured all the way I didn't have a fair trial from the start of it. * * * There was prejudice and I had been in a few prejudices. Everyone knows I was born and raised here. Now that would go against me. Half of the people on the jury knew me." Although he could not recall "one isolated incidence" indicating the fact, he was of the opinion that the then circuit judge was prejudiced against him. In conclusion he said, "My real basis is not having an appeal to the Supreme Court to see if I was due for a new trial. That's what I appealed on. * * * I felt that maybe my attorney could find some flaw or error, something there, in order to give me a chance for a new trial."

His two sisters testified that on two separate occasions, the two days following the trial, at their brother's request, they went to the lawyer's residence and "asked him about filing a new motion" and he said "he would see into this." His lawyer, admitted to the bar in 1934, practised with his father, an experienced lawyer, had tried one criminal case prior to defending Maness in 1939. He considered that case, assault with intent to kill, more difficult than the rape case in several respects. He detailed his investigation of the facts, his search for witnesses but "Most of the witnesses that I talked to were that I would call Plaintiff's Witnesses." He did not recall any visits by Maness' sisters, he did not "recall receiving any" request from Maness that the case be appealed. He said that he did not withdraw as counsel, that he did not file a motion for a new trial or a notice of appeal. He knew of no prejudice on the part of any juror and of the judge he said, "I know of no reason to know or think he was prejudiced." And finally as to any trial errors or erroneous rulings by the trial judge the lawyer said, "I don't specifically recall any."

In these circumstances, citing and relying on a number of recent decisions by the Supreme Court of the United States of which Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; and Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, 816, are illustrative and representative, Maness now contends that the Circuit Court of Jefferson County erroneously denied his motion to vacate the 1939 sentence and judgment "all of which is in violation of the Fourteenth Amendment to the Constitution of the United States." Maness has filed an elaborate brief in which he seeks to demonstrate that the 1939 judgment is void and violative of his constitutional rights but it is not necessary here to set forth in detail his contentions. The difficulty with his reliance on these landmark cases is that he and perhaps others mistakenly construe them as condoning or exonerating the original crime, at least he treats of them and relies on them abstractly and apart from the original offense and trial. In Griffin v. People of State of Illinois "invidious discriminations" in the denial of transcripts were struck down, but "manifest nonconstitutional errors in the trial" were alleged, and the Supreme Court said, "We must therefore assume for purposes of this decision that errors were committed in the trial which would merit reversal, but that the petitioners could not get appellate review of those errors solely because they were too poor to buy a stenographic transcript."

But in this jurisdiction the "invidious discriminations" denounced in the Griffin and Douglas cases do not exist and this appeal in this 27.26 proceeding does not involve the problems of those cases. In this case, both on his original trial and in this proceeding, Maness has been furnished court-appointed counsel, there was a trial in the forcible rape case and a hearing upon this motion and a free transcript upon this appeal. RSMo 1959 § 485.100. As indicated, upon this motion to vacate the circuit court has found that in the original trial there was jurisdiction, that the sentence was not il-

legal, that the sentence and judgment were not "otherwise subject to collateral attack," and that there was no "denial or infringement of constitutional rights." Cr. Rule 27.-26. The circumstances of this hearing have been detailed and in view of the court's finding Maness' only complaint upon this appeal is of the bare fact that there was no appeal from his original conviction. While he asserted prejudice on the part of the court and jury in his rape case, there is not a single circumstance in this record to support his asseveration. Other than his unsupported allegations as to judge and jury, there is not even a claim, let alone evidentiary support, of a manifest prejudicial error in the trial of the forcible rape case and thus this appeal is reduced to the mere abstract claim that there was no appeal from the original sentence and judgment.

Whatever the true rationale of the cases, "(i) t should first be determined whether the remedy [28 U.S.C.A. § 2255] sought has any practical use at all by the application of the 'plain error' test, as the rights of the appellant here are not to be determined in the abstract." Fennell v. United States, 10 Cir., 339 F.2d 920, 923 (Cert. denied 382 U.S. 852, 86 S.Ct. 100, 15 L.Ed.2d 90). Or, as stated in Ramsey v. United States, D.C., 223 F. Supp. 605, 606, and other cases: "Even if it were shown that the failure of the petitioner to appeal was due to a mere neglect of his counsel, which has not been done, *there must be a further showing, also not present here, that there was plain reversible error in the trial.*" Wilson v. United States, 9 Cir., 338 F.2d 54; Dodd v. United States, 9 Cir., 321 F.2d 240; Mitchell v. United States, 103 U.S.App.D.C. 97, 254 F.2d 954 (Cert. denied 371 U.S. 838, 83 S.Ct. 64, 9 L.Ed.2d 73). It may well be, as the appellant contends, that State v. Mischanko, Mo., 272 S.W.2d 210, has been modified in some respects by certain of the federal cases but the concluding sentences have not been overruled and are indeed applicable: "The court is no more required to do a vain and useless thing on motion to vacate than in any other kind of

legal proceeding; and before defendant may put the court in the wrong for having refused to set aside his sentence after a completed trial at which he had had the active aid of counsel, he should at the very least make some substantial showing that by reason of something that was done over the objection of his counsel, an ingredient of such manifest unfairness and injustice crept into the case as to have resulted in his being denied due process of law unless he was permitted to bring the matter to the court's attention as a basis for the allowance of a new trial."

For these indicated reasons the judgment denying the appellant's motion to vacate the 1939 sentence and judgment is affirmed.

STOCKARD, and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.