**Hugh E. MANESS, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**No. 67 C 71(2).**

United States District Court
E. D. Missouri, E. D.
March 9, 1967.

Hugh E. Maness, pro se.

Norman H. Anderson, Atty. Gen. of Missouri, Jefferson City, Mo., for respondent.

MEMORANDUM

MEREDITH, District Judge.

Petitioner, with court-appointed counsel, was tried in the state court by a jury in Jefferson County, Missouri, on May 18, 1939, and was found guilty of forcible rape and sentenced on May 19, 1939, to fifty years imprisonment.

In August of 1964 under the provisions of Missouri Criminal Rule 27.26, V.A. M.R., he instituted a proceeding to vacate the original judgment and sentence. The Circuit Court of Jefferson County appointed counsel to represent petitioner in that proceeding and a full and complete evidentiary hearing was had. The transcript of the hearing has been filed in this Court. The main thrust of petitioner's complaint is that his court-appointed counsel in the original trial in May 1939 did not take any steps at that time to appeal petitioner's conviction to the Supreme Court of Missouri and this constitutes a denial of his due process of law. Petitioner also contends that his court-appointed counsel at the original trial was inexperienced. The State Court in Jefferson County denied his motion to vacate the judgment and sentence.

Thereafter, an appeal was taken to the Supreme Court of Missouri and that court affirmed the trial court, 408 S.W.2d 15. Petitioner applies to this Court for a writ of habeas corpus.

■ There is no need for any additional evidentiary hearing before this Court for the reason that a complete transcript of the hearing to vacate judgment

and sentence was filed in this Court, which shows that the state court has accorded petitioner a full hearing, counsel was provided, and whatever evidence could have been produced has been produced. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The evidence before the state court shows that the reporter who reported the original trial in 1939 is deceased and there is no transcript available of the original trial for rape. The records do indicate that the jury was selected and the trial was concluded in one day. The jury was unable to agree on the punishment and the court assessed the punishment of fifty years.

The evidence shows that the court-appointed attorney for petitioner at the original trial had attended law school at the University of Missouri for three years and had practiced four years in the general practice of law with his father who was also a lawyer in Jefferson County. Petitioner relies on the rationale of the Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which requires the state to furnish defendant counsel during trial, which was done in this case. He also cites Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), which requires the state to provide counsel on appeal. In the instant case no appeal was taken.

 Petitioner and his sisters testified at the hearing before the state court that they had originally requested petitioner's court-appointed attorney to find some error in the proceedings and to file an appeal. Petitioner's original attorney in the rape case testified at the hearing that he does not recall ever having been requested to appeal the case and that he knew of no errors in the trial which would warrant a different finding than guilty had the case been appealed. This Court is unable to find any precedent which requires that an appeal must be taken from a conviction in a state court in order to comply with the due process clause of the Constitution. The evidentiary hearing held by the Court in the State of Missouri failed to disclose any error in the trial. Petitioner himself makes no specific complaint about any errors in the trial or any manner in which he was deprived of due process, except an appeal from his conviction was not taken. Accordingly, the application for habeas corpus will be denied.