**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellant,**

v.

**William B. DONNELL, Appellee.**

**No. 18638.**

United States Court of Appeals Eighth Circuit.

Aug. 8, 1967.

Howard L. McFadden, Asst. Atty. Gen., Jefferson City, Mo., for appellant; Norman H. Anderson, Atty. Gen., Jefferson City, Mo., was with him on the brief.

P. Pierre Dominique, Jefferson City, Mo., for appellee.

Before VOGEL, Chief Judge, and VAN OOSTERHOUT, MATTHES, BLACKMUN, MEHAFFY, LAY and HEANEY, Circuit Judges, Sitting En Banc.

MATTHES, Circuit Judge.

The crucial question presented in this habeas corpus proceeding is whether Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, (1963), is to be applied retrospectively to the case of William B. Donnell, an indigent Missouri prisoner, whose conviction in 1960 was affirmed by the Supreme Court of that state in November, 1961. State v. Donnell, 351 S.W.2d 775 (Mo.1961). The district court, Judge Oliver, decided the retroactivity issue in favor of Donnell and entered an

order which determined that he was entitled to the relief sought in his application for writ of habeas corpus, but which suspended issuance of the writ for a period of ninety days in order to afford the State of Missouri an opportunity to reprocess Donnell's appeal. Donnell v. Swenson, 258 F.Supp. 317, 335–36 (W.D. Mo.1966). Swenson, as warden of the Missouri State Penitentiary, has appealed from that order.

Judge Oliver demonstrated in an exhaustive and fully documented opinion that the rule promulgated in *Douglas* has been given retrospective application by the Supreme Court and other federal and state courts. Donnell v. Swenson, supra at 329–332. In view of Judge Oliver's full discussion of all the relevant authorities it would be a needless exercise here to survey the law he so thoroughly explored.[1]

At the outset we observe that no question is presented as to the exhaustion of Donnell's state remedies. He filed a motion to vacate the sentence pursuant to Missouri Rule 27.26. Mo.Sup.Ct. (Crim.) R. 27.26. From the denial of this motion Donnell perfected an appeal through appointed counsel. The Supreme Court of Missouri, after due consideration of all constitutional allegations attacking the validity of the sentence, affirmed. State v. Donnell, 387 S.W.2d 508 (Mo. 1965).

The validity of Donnell's attack upon his conviction turned in the first instance upon the resolution of the paramount question whether the long-standing Missouri practice of disposing of appeals of nonrepresented indigent defendants comported with the constitutional standards enunciated in *Douglas*. That issue was squarely presented in Bosler v. Swenson,

363 F.2d 154 (8th Cir. 1966), where we held, after full consideration of the Missouri system, that "[d]espite Missouri's forward treatment of indigents under the former practice, * * * [that] procedure failed to conform to the concept formulated by the Supreme Court in *Douglas*." 363 F.2d at 157. In deciding *Bosler* we were not required to, and did not decide, the applicability of the *Douglas* rule to convictions in Missouri which had become final prior to the decision in *Douglas* (March 18, 1963). We did demonstrate, however, that *Douglas* applied to *Bosler* for the reason that his appeal was pending at the time *Douglas* was decided. 363 F.2d 157–158.

On application of the State of Missouri the Supreme Court summarily granted certiorari and affirmed per curiam. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (March 13, 1967). The Supreme Court in its opinion rejected without discussion the contention that the Missouri practice, unlike the California appellate review proceedings, afforded an adequate means of fully protecting the rights of indigent defendants.

 Although the Supreme Court in Bosler did not intimate that *Douglas* would be given retroactive effect to pre-*Douglas* Missouri convictions, that question was, in our view, settled by Hester v. Swenson, 386 U.S. 261, 87 S.Ct. 1039, 18 L.Ed.2d 49 (March 13, 1967) and Deckard v. Warden, Missouri State Penitentiary, 386 U.S. 284, 87 S.Ct. 1041, 18 L.Ed.2d 50 (March 13, 1967), decided contemporaneously with Swenson v. Bosler, supra.[2] The convictions of Hester and Deckard, Missouri prisoners, had been affirmed by the Missouri Supreme Court prior to the advent of *Douglas*. State v. Hester, 331 S.W.2d 535 (Mo.

---

1. In addition to those authorities cited by Judge Oliver, the Supreme Court on several other occasions has summarily reversed pre-Douglas convictions in light of Douglas. See, e. g., Head v. State of California, 374 U.S. 509, 83 S.Ct. 1883, 10 L.Ed.2d 1047 (1963) ; Jones v. State of California, 374 U.S. 501, 83 S.Ct. 1878, 10 L.Ed.2d 1045 (1963) ; Harris v. Cali-

fornia, 374 U.S. 499, 83 S.Ct. 1876, 10 L.Ed.2d 1044 (1963) ; Tiller v. California, 372 U.S. 771, 83 S.Ct. 1107, 10 L.Ed.2d 140 (1963).

2. See also Tettamble v. Missouri, 386 U.S. 265, 87 S.Ct. 1034, 18 L.Ed.2d 42 (March 13, 1967), reversing per curiam, State v. Tettamble, 394 S.W.2d 375 (Mo.1965), a post-Douglas decision.

February 8, 1960); State v. Deckard, 354 S.W.2d 886 (Mo. February 12, 1962). Subsequently Hester and Deckard sought habeas corpus relief from the Supreme Court of Missouri on the ground that they had been deprived of the services of counsel on appeal from the judgment of conviction. Following denial of such relief, they applied to the Supreme Court of the United States for certiorari. The Attorney General of Missouri opposed the granting of certiorari on the same premise advanced in Swenson v. Bosler, supra, i. e., that the Missouri appellate process was sufficient to protect the rights of indigent defendants. The Supreme Court, however, in each case summarily granted the petition for writ of certiorari, vacated the judgment, and remanded to the Supreme Court of Missouri for further consideration in light of Swenson v. Bosler, supra; Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958); and Tehan v. Shott, 382 U.S. 406, 416, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).[3]

■ In view of the course charted by the Supreme Court we have no alternative but to retroactively apply the principles of *Douglas* to the case before us. We are mindful, of course, that our decision may have profound consequences on the orderly processes of criminal law administration. The Attorney General of Missouri has estimated that seventy-five pre-*Douglas* appeals will require reprocessing.[4] The Supreme Court has given due weight to the effect on the administration of justice of a retroactive application of new constitutional standards. See, e. g., Stovall v. Denno, supra, 87 S.Ct. at 1969; Johnson v. State of New Jersey, 384 U.S. 719, 731, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Tehan v. Shott, supra, 382 U.S. at 418–419, 86 S.Ct. 459; Linkletter v. Walker, 381 U.S. 618, 637–638, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Although this circumstance deserves careful consideration, the Supreme Court manifestly viewed the deprivation of the constitutional right to counsel on appeal as paramount to the difficulties inherent in reprocessing appeals of convictions.

The order appealed from is affirmed.

FLOYD R. GIBSON, Circuit Judge, did not participate in the disposition of this appeal.

3. Recent opinions of the Supreme Court, moreover, firmly reiterate its holding that an indigent defendant is entitled to the appointment of counsel to assist him in his first appeal and that appointed counsel must function in the effective role of an advocate. Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (May 8, 1967); Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (May 8, 1967). More recently in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (June 12, 1967), the Supreme Court, in giving prospective application only to the exclusionary rule promulgated in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), reflected at length upon some of the criteria governing retroactive operation of constitutional rules:

"It is true that the right to the assistance of counsel has been applied retroactively at stages of the prosecution where denial of the right must almost invariably deny a fair trial, for example, at the trial itself, Gideon v. Wainwright, 372 U.S. 335, or at some forms of arraignment, Hamilton v. [State of] Alabama, 368 U.S. 52, [83 S.Ct. 792, 9 L.Ed.2d 799] or on appeal Douglas v. [People of State of] California, 372 U.S. 353, [83 S.Ct. 814, 9 L.Ed.2d 811.] 'The basic purpose of a trial is the determination of truth, and it is self-evident that to deny a lawyer's help through the technical intricacies of a criminal trial or to deny a full opportunity to appeal a conviction because the accused is poor is to impede that purpose and to infect a criminal proceeding with the clear danger of convicting the innocent.'" 388 U.S. at 297, 87 S.Ct. at 1970.

4. This information appears in an article entitled "Criminal Briefs; Rules Changed" by Howard L. McFadden, head of the Criminal Division in the Missouri Attorney General's Office, appearing in the June, 1967 issue of the Journal of the Missouri Bar.