**Hugh E. MANESS, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.**

**No. 18797.**

United States Court of Appeals
Eighth Circuit.

Nov. 17, 1967.

---

944

Hugh E. Maness, pro se.

Norman H. Anderson, Atty. Gen. of Missouri, and Gerald L. Birnbaum, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before VAN OOSTERHOUT, GIBSON and HEANEY, Circuit Judges.

GIBSON, Circuit Judge.

Hugh E. Maness, an inmate of the Missouri State Penitentiary, appeals from a judgment entered by the District Court for the Eastern District of Missouri, denying habeas corpus relief from his fifty-year sentence entered by a Missouri Circuit (trial) Court in May 1939, on a charge of forcible rape.

He alleges that the judge of the State Court, upon receiving the jury verdict of guilty, immediately and on the same day in a continuous proceeding, entered judgment and sentenced him without giving him an opportunity to file a motion for new trial, nor under the circumstances was he able to discuss an appeal with his court-appointed attorney; he alleges two unsuccessful attempts to contact his attorney for the purpose of filing a motion for new trial or an appeal; and in effect, contends that his attorney abandoned him after the sentence.

The District Court did not hold an evidentiary hearing for the stated reason that "a complete transcript of the [State] hearing to vacate judgment and sentence was filed" with it, and on the basis of that record held "the state court has accorded petitioner a full hearing, counsel was provided, and whatever evidence could have been produced has been produced."

Maness filed a "Motion to Vacate Judgment and Sentence" under Missouri's post-conviction proceeding, Supreme Court Rule 27.26, V.A.M.R., on August 20, 1964. The State trial court appointed counsel, and on February 16, 1965 held a plenary hearing with Maness and his counsel in attendance. Judgment was entered March 29, 1965 denying relief. An appeal was allowed to the Missouri Supreme Court, which Court on October 10, 1966 affirmed the trial court in State v. Maness, 408 S.W.2d 15 (Mo. 1966).

The present Federal habeas corpus complaint was filed March 1, 1967 and denied March 9, 1967; an appeal was duly allowed and timely filed in this court.

The Missouri Supreme Court in State v. Maness, supra, (the post-conviction proceeding), predicated its decision on the asserted fact that Maness had failed to show that plain reversible error was committed by the original trial court, using the following language:

"Or, as stated in Ramsey v. United States, D.C., 223 F.Supp. 605, 606, and other cases: 'Even if it were shown that the failure of the petitioner to appeal was due to a mere neglect of his counsel, which has not been done, *there must be a further showing, also not present here, that there was plain reversible error in the trial.*' Wilson v. United States, 9 Cir., 338 F.2d 54; Dodd v. United States, 9 Cir., 321 F.2d 240; Mitchell v. United States, 103 U.S.App.D.C. 97, 254 F.2d 954 (Cert. denied 371 U.S. 838, 83 S.Ct. 64, 9 LEd.2d 73)."

■ It should be noted that there is no transcript of the original proceeding in which Maness was convicted and sentenced as the court reporter is now deceased, and it is impossible to obtain or reconstruct the record. It, therefore, becomes apparent that it would be a practical impossibility for Maness to show plain error in the original trial.

■ However, we do not think it is incumbent on him to show plain error as under Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the denial of assistance of counsel on appeal (where appeal is provided as a matter of right) in a state criminal case is violative of "that equality demanded by the Fourteenth Amendment." At the time of the post-conviction proceeding before the Missouri Supreme Court the retrospectivity of the *Douglas* ruling had not been passed upon directly by the United States Supreme Court in a plenary hearing or by this Court.[1] Subsequently we, in Bosler v. Swenson, 363 F.2d 154 (8 Cir. 1966), held invalid Missouri's former practice of deciding direct criminal appeals by convicted indigent defendants on the full record without the appointment of counsel, and required the appointment of counsel on appeal. This holding was affirmed by the United States Supreme Court in Swenson, Warden v. Bosler, 386 U.S. 258, at 260, 87 S.

Ct. 996, at 997, 18 L.Ed.2d 33 (1967), using the following significant language:

"We think the documents contained in this transcript demonstrate that respondent did indicate to the Missouri courts his desire for counsel on appeal. But even if such a request had not been made, we do not think its absence would amount to a waiver of respondent's rights. It is now settled 'that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend upon a request.' Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed.2d 70. When a defendant whose indigency and desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel."

We then in Swenson v. Donnell, Case No. 18,638, 8 Cir., Aug. 8, 1967, 382 F.2d 248, decided that *Douglas* should be retrospectively applied to convictions that had become final prior to the enunciation of the *Douglas* rule on assistance of counsel for an indigent on appeal. This issue is exhaustively discussed in the *Donnell* opinion and the supporting cases need not be reviewed, as the *Donnell*

---

1. This is not to say that the Supreme Court had not indicated its view that *Douglas* was to be given retrospective application. See Judge Oliver's exhaustive and well-documented District Court opinion in Donnell v. Swenson, 258 F.Supp. 317 (W.D.Mo.1966). Judge Oliver reviews most of the cases pertinent to this issue and concludes that *Douglas* must be given retrospective application. And as pointed out by Judge Matthes in the appeal of Donnell v. Swenson, sub. nom. Swenson v. Donnell, the Supreme Court had also reviewed pre-Douglas convictions in the light of *Douglas*, citing Head v. California, 374 U.S. 509, 83 S.Ct. 1883, 10 L.Ed.2d 1047 (1963); Jones v. California, 374 U.S. 501, 83 S.Ct. 1878, 10 L.Ed.2d 1045 (1963); Harris v. California, 374 U.S. 499, 83 S.Ct. 1876, 10 L. Ed.2d 1044 (1963); Tiller *v.* California,

372 U.S. 771, 83 S.Ct. 1107, 10 L.Ed.2d 140 (1963). Judge Matthes also noted that the question of retrospective application of Douglas to the Missouri practice of appellate review for indigent defendants was settled in Hester v. Swenson, 386 U.S. 261, 87 S.Ct. 1039, 18 L. Ed.2d 49 (March 13, 1967) and Deckard v. Warden, 386 U.S. 284, 87 S.Ct. 1041, 18 L.Ed.2d 50 (March 13, 1967), these cases having been decided after Judge Oliver's District Court opinion. The only point we are attempting to make here is that the Missouri practice of appellate review for indigents whereby the Supreme Court made an exhaustive and bona fide review of the entire record had not at the time of the Missouri Supreme Court's decision in Maness's post-conviction appeal (Oct. 10, 1966) been judicially condemned as being constitutionally inadequate.

opinion is now applicable to Maness's situation if Maness actually wanted to take an appeal and did not voluntarily and knowingly waive his right of appeal.

■■ The law is now clear that the Sixth Amendment "Assistance of Counsel" includes the right to counsel on appeal and this right is not dependent upon a request. Swenson, Warden v. Bosler, supra (1967). Also the assistance of counsel on appeal is to be retrospectively applied. Swenson v. Donnell, supra; Pate v. Holman, 341 F.2d 764 (5 Cir. 1965); Loper v. Beto, 5 Cir., Oct. 6, 1967, 383 F.2d 400; Crawford v. Beto, 5 Cir., Oct. 9, 1967, 383 F.2d 604.

■ The pertinent and critical issue in Maness's petition for post-conviction relief is not whether plain error was committed in the trial, but whether he wanted to appeal or knowingly and voluntarily waived his right to appeal his original conviction. This particular issue has not been passed on by the Missouri courts. In view of the rapidly evolving standards resulting from the application of the specifics of the Bill of Rights to the States by way of the Fourteenth Amendment, and specifically in view of Swenson v. Donnell, supra, we think the Missouri Courts should have an opportunity to consider this issue.

Missouri's revised post-conviction Rule, effective September 1, 1967, affords a comprehensive and adequate proceeding to test alleged constitutional infirmities in a Missouri state court criminal judgment. Plenary hearings, counsel and transcripts on appeal are provided. See our comment on Missouri's Revised post-conviction procedure Supreme Court Rule 27.26 in Baines v. Swenson, Warden, 8 Cir., Oct. 31, 1967, 384 F.2d 621.

Maness's state post-conviction proceeding, having been processed before this Court had passed on the retrospectivity of *Douglas*, we think, should again, as a matter of fairness and comity, be presented to the Missouri courts for a decision in light of our holding in Swenson v. Donnell, supra.

We, therefore, remand this case to the District Court for further proceeding consistent with this opinion, having in view that the District Court hold the matter in abeyance pending another application for relief by Maness under Missouri Revised Supreme Court Rule 27.26. A full hearing could then be held on the crucial issue of whether Maness desired to appeal or whether he knowingly and voluntarily waived his right to appeal. We express no opinion on this crucial issue. An evidentiary hearing should be held to develop the relevant facts upon which this issue turns.

Reversed and remanded with directions for proceedings consistent with this opinion.