**Walter Eugene MORSE, Movant, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39587.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 6, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1979.

Richard L. Parker, Asst. Public Defender, 25th Judicial Circuit, Vienna, for movant, appellant.

John Ashcroft, Atty. Gen., James R. Cumbee, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant Walter E. Morse, hereafter "defendant," having been found guilty of burglary and stealing, filed a Rule 27.26 motion to vacate judgment. The trial court summarily denied the motion and defendant has appealed. We reverse and remand.

The crucial ground of defendant's motion to vacate is that he was denied assistance of counsel to file a motion for new trial. This failure arose under the following circumstances. Public Defender Melvin Franke had represented defendant at trial and after the guilty verdict on April 15, 1975 was granted leave to file a motion for new trial by May 21. On its own motion the court then requested defendant to file an "indigency form" pursuant to § 600.086 3. RSMo. 1979. Defendant declined to do so. On May 5 the court, again on its own motion, ordered Mr. Franke relieved of his appointment as defense counsel. This occurred sixteen days before expiration of the time for filing a motion for new trial, which was never filed. Thereafter, the trial court arraigned and sentenced defendant, who then filed his Rule 27.26 motion. The trial court denied it without a hearing. This appeal followed.

The issue before us is whether the trial court erred in leaving defendant without counsel during the critical period when preparing and filing a motion for new trial was vital to defendant's right to appeal. We say the court erred.

A closely parallel case arose in *Nicholson v. State*, 524 S.W.2d 106[3, 4] (Mo. banc 1975), where "appellant's court-appointed counsel requested and was granted leave by the trial court to file a motion for new trial on or before April 17 . . . . Counsel was allowed to withdraw from the case some 25 days before the time expired without having filed the motion, and new counsel was not appointed until after the time had expired. Appellant . . . does not suggest that the court erred in allowing the

first attorney to withdraw; rather, the error lies in that the court neither required him first to file the motion, nor appointed another attorney to do so within the time allotted." There, the defendant sought remand for a new trial, but the court held the proper relief "is to vacate the sentence and order the case remanded with directions to permit appellant to file a motion for new trial."

As mandated by Nicholson, the judgment here is reversed and the cause remanded with directions to set aside the order relieving trial counsel, vacate the sentence and judgment, and permit the defendant to file a motion for new trial.

DOWD, P. J., and CRIST and REINHARD, JJ., concur.