Darrell Gene SHOPBELL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 35628.

Missouri Court of Appeals,
Western District.

Jan. 22, 1985.

Michael Radosevich, Columbia, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and DIXON and CLARK, JJ.

PER CURIAM.

Darrell Shopbell appeals from denial after evidentiary hearing of his Rule 27.26 motion to vacate. He was convicted by a jury of murder in the second degree, § 565.004, RSMo 1978. The court set his punishment at 50 years of confinement. He waived his right to move for a new trial or to appeal his conviction. On appeal from denial of his motion to vacate, he argues that he was denied effective assistance of counsel because his trial counsel incorrectly advised him concerning his right to appeal, and that he did not knowingly waive the right to move for a new trial and to appeal.

We find the circuit court did not err in concluding that movant was not denied due process or denied effective assistance of counsel, and accordingly affirm.

Shopbell was charged by indictment with murder in the first degree, § 565.003, RSMo 1978, and murder in the second degree, § 565.004, RSMo 1978, in the death of Leslie Meeks. Meeks was beaten to death with a large flashlight by a single assailant during an attempted robbery.

The jury found Shopbell guilty of murder in the second degree. On the day the jury returned its verdict, movant had a brief conference in the courtroom with his trial counsel. His father, mother and sister were present. The parties to this conference testified at the Rule 27.26 hearing concerning the conversation that took place. Counsel said he had expressed the opinion that if movant successfully appealed the conviction he could be retried on the first-degree murder charge and possibly receive a longer sentence. Shopbell testified that counsel said he would "definitely" be given a longer sentence if they appealed. Shopbell's father and sister also testified that the attorney said Shopbell would receive a longer sentence if they appealed. Movant's sister admitted, however, that she did not know whether the statements by counsel had any effect on his decision to waive the appeal.

Movant's trial counsel made several subsequent efforts to inform him about his rights and to encourage him to appeal. Ten days after the trial he visited the Buchanan County jail to speak with him. He had heard that Shopbell had undergone a religious conversion and did not wish to appeal his conviction. While at the jail, counsel explained to Shopbell the consequences of the decision not to appeal, and asked him to call before the end of the time period for filing the motion. Movant indicated that he wished to speak with his family before making the final decision. When the end of the time period approached, movant had not notified counsel of his decision. Counsel set a hearing before the trial court. His investigator visited the jail and obtained movant's signature on a written waiver of appeal form. At the hearing, the court found Shopbell had voluntarily, in open court, orally and in writing, waived his right to move for a new trial. His attorney testified at the Rule 27.26 evidentiary hearing that he scheduled the sentencing hearing because he wanted to make a complete record of Shopbell's waiver before the time to file the motion for new trial ran out. The court sentenced Shopbell to a 50-year term of confinement.

On appeal movant raises as his only point that he was denied effective assistance of counsel because his appointed trial counsel failed to correctly advise him concerning his right to move for a new trial and to appeal. His attorney warned him that if he appealed his conviction, he might be tried on the first-degree murder charge again and receive a longer sentence. Movant argues that this warning constituted a "threat" that prevented him from appealing and consequently denied him the right to a fair trial. We disagree.

The right to effective assistance of counsel in a criminal trial is a fundamental aspect of the right to a fair trial. *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). The period between the verdict and the expiration of the time allowed in which to file an appeal is a critical stage of the criminal proceedings and the right to counsel is in effect during that period. *State v. Frey,* 441 S.W.2d 11, 15 (Mo.1969). The criminal defendant has the right to be represented, during the period before an appeal must be filed, in a competent and effective manner. The failure to take the simple steps required to file a notice of appeal in a timely manner when instructed to do so by the client, for instance, would represent such extraordinary inattention to the client's interests that it would constitute ineffective assistance of counsel. *State v. Frey,* 441 S.W.2d at 15.

The advice given to movant by his trial attorney concerning the appeal in this case was incorrect. The jury in the first trial was instructed on both the first-degree and second-degree murder charges. When the jury convicted movant of second-degree murder, they impliedly acquitted him of first-degree murder. *Price v. Georgia,* 398 U.S. 323, 330, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970); *Ray v. State,* 532 S.W.2d 478, 482 (Mo.App.1975). Retrial on the first-degree murder charge after a successful appeal was barred by the double-jeopardy clause of the United States Constitution. *Green v. United States,* 355 U.S. 184, 194, 78 S.Ct. 221, 227, 2 L.Ed.2d 199 (1957); *Ray,* 532 S.W.2d at 482. After

appeal the prosecution would have been limited to retrial on the lesser offense, second-degree murder, which the jury convicted Shopbell of in the first trial. *Price v. Georgia,* 398 U.S. at 328, 90 S.Ct. at 1760; *Green v. United States,* 355 U.S. at 191, 78 S.Ct. at 225.

■ The trial court could very well believe from this evidence that the public defender's mistaken advice that Shopbell would be exposed to a first-degree murder prosecution upon a second trial did not enter into Shopbell's decision to waive his appeal. Shopbell and his father and sister all testified that it was the prospect of a longer sentence that was the determining factor in his decision not to appeal. It was Shopbell's own testimony that the public defender had told him that "if I appeal my case I would definitely get more time". His father testified that the public defender had said, "If we appeal this case, he would probably end up getting more time". He testified: "He made a comment he has heard of cases like this that have got more time." None of the three witnesses said anything about first-degree murder as opposed to second-degree murder. It was only the prospect of a longer sentence which prevented Shopbell from appealing, according to their testimony; he was willing, apparently, to trade his chances for a shorter sentence for the certainty of not getting a longer one.

According to the statutes in effect at that time, the maximum sentences were the same for second-degree murder and first-degree murder, namely, life imprisonment, § 565.008, subd. 2, RSMo 1978—although one might say that there could be a longer term for second-degree murder, in that the jury could assess a term of years far in excess of the human life span, see *State v. Stephens,* 507 S.W.2d 18 (Mo. banc 1974), whereas the only sentence for first-degree murder was life imprisonment. The advice that Shopbell could get a longer sentence than the 50 years was correct advice.

The testimony about the erroneous advice about the first-degree murder exposure came from the public defender himself, who denied that he had told Shopbell that he would "probably" get more time on a second trial. He testified that he had told Shopbell:

It was my opinion of the law, if we went to trial again, it would be a whole new trial not only for him, but for the State, and that he possibly could be found guilty of murder in the first degree on the second trial or murder in the second degree on the second, and he possibly could be given a sentence of longer than fifty years.

The public defender testified to other conferences with Shopbell in which he explained to him the consequences of not filing a motion for a new trial, and in which he had urged Shopbell to appeal. Shopbell advised him, though, that he did not wish to appeal. The public defender was asked: "Did he give you any reason for not wishing to proceed with a motion for a new trial?" The public defender answered: "He advised me at that time that he had had a religious experience and had become a religious person and that he felt he should pay for what he had done."

The case of *Ray v. State,* 532 S.W.2d 478, 482 (Mo.App.1975), is different in several respects. There was evidence in that case that the prospect of being tried for first-degree murder was indeed a dominant factor in defendant's decision to waive his appeal; defendant himself so testified. He had received the maximum sentence for manslaughter—ten years imprisonment—and really had nothing to lose and everything to gain by an appeal and a new trial and nothing to lose thereby. It was inevitable that a belief by a defendant in such a case that he would be subject to a first-degree murder prosecution with the possibility of life imprisonment would cause him to accept the ten years voluntary manslaughter conviction without appeal.

In our case, however, there is no evidence from any source that any erroneous belief of Shopbell about his exposure to first-degree murder prosecution played any part in his decision to waive his appeal. Any holding that it was a significant factor in his decision to waive his appeal would be based upon no evidence at all. As to the

variance between defendant's testimony that the public defender had told him he would *certainly* get more time on a second trial—which was really his trial court position—and the public defender's testimony that he had told him that more time was *possible,* it was the trial court's place to assess credibility. We are unable to say that the trial court's finding of a valid and binding waiver by Shopbell of his right of appeal was erroneous.

In order to entitle defendant to relief from his waiver of appeal on the ground of the mistaken advice with respect to his exposure to the first-degree murder charge on retrial, it is incumbent upon the defendant to show that the mistaken advice influenced his decision to waive—that the decision to waive appeal would probably not have been made had he been correctly informed on that point. See *Trimble v. State,* 588 S.W.2d 168, 170 (Mo.App.1979); *Richardson v. State,* 632 S.W.2d 13, 15 (Mo.App.1982). This the defendant wholly failed to show.

Judgment affirmed.