**STATE of Missouri, Respondent,**

**v.**

**James Allen MOSELEY, Appellant.**

**No. WD 38244.**

Missouri Court of Appeals, Western District.

June 16, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 4, 1987.

Application to Transfer Denied Sept. 15, 1987.

Robert G. Duncan, Kansas City, for appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, C.J., and DOWD and REINHARD, Special Judges.

CLARK, Chief Judge.

James Allen Moseley was convicted by a jury of the offense of sexual abuse in the first degree and sentenced to a term of ninety days in the county jail. For the reasons hereafter given, we reverse the conviction and order appellant discharged.

Appellant is the father of two girls who were age four and eight at the time of the alleged offense. The charge brought against Moseley by information was for the crime of sodomy. Section 566.060, RSMo. 1986. The information alleged that between February 8, 1985 and March 2, 1985, Moseley had deviate sexual intercourse with the younger child. In response to a motion for a bill of particulars filed on behalf of Moseley, the state enlarged upon the charge by stating that the deviate sexual intercourse involved the genitals of the victim and the hand and fingers of appellant placed on and in the genitals.

It is unnecessary for purposes of this opinion to detail the evidence presented at trial. Suffice it to say that the proof depended in a substantial degree on the testimony of the two children and a medical witness. The younger child testified that appellant had touched her between the legs and on and in her crotch and "back side." The doctor found the hymen intact and nothing unusual in the rectal area, but expressed the opinion that the child could have been subjected to fondling or attempted penetration.

The case was submitted to the jury under verdict directing instructions MAI–CR2d 20.08.2 as to sodomy, MAI–CR2d 20.16.2 as to sexual abuse and definition instruction MAI–CR2d 33.01 as to deviate sexual intercourse and sexual contact. By its verdict, the jury found appellant not guilty of sodomy but guilty of sexual abuse. The submission of sexual abuse was in the form of a lesser included offense under the sodomy charge, that is, "If you do not find the defendant guilty of sodomy, you must consider whether he is guilty of sexual abuse in the first degree."

Appellant contends in his first point on appeal that the court erred in submitting the charge of sexual abuse, coupled with the definition of sexual contact, because the instructions permitted a conviction to be had for conduct beyond the charge defined by the information and bill of particulars. Specifically, he notes that the jury could have returned a guilty verdict on a finding that he had touched the victim's anus when the bill of particulars limited the scope of the state's case to a touching of the genitals.[1]

There can be no doubt that it was error for the court not to modify the definition instruction, MAI–CR2d 33.01, to conform the definition of sexual contact to that proscribed touching which the information and the bill of particulars charged.[2] It has long been the rule that when a crime may be committed by any of several methods, the method submitted in the verdict directing instruction must be among those alleged in the information. *State v. Lusk*, 452 S.W.2d 219, 223 (Mo.1970).

The determination that appellant's first point presents reversible error does not end our consideration of the case. Appellant raises two additional points, the first contending that the evidence was insufficient to prove the element of arousal or gratification of sexual desire and the second questioning the admission of certain evidence. Both would require discussion were the disposition of the case to be an order for a new trial. That prospect of retrial raises the question of what proceedings could be had on remand. Neither appellant

nor respondent address this issue, which we find must be considered sua sponte.

It is clear that appellant may not be retried for the offense of sodomy. This follows because conviction of a lesser included offense limits the state to retrial of that offense on the ground that conviction of the lesser impliedly acquits the defendant of the greater offense. *Shopbell v. State*, 686 S.W.2d 521, 523 (Mo.App.1985). The concept that the state is entitled to a second opportunity for conviction depends, however, on the premise that the conviction had was upon a lesser offense included within the crime which was charged. Here, the state is entitled to retry Moseley only if it was entitled to submit sexual abuse as a lesser included offense of sodomy. If not, then no retrial is available because the only offense charged was sodomy and appellant was acquitted of that crime.

In *State v. Gibson*, 623 S.W.2d 93, 99 (Mo.App.1981), the court noted that as sodomy is now defined by § 566.060, RSMo. 1986 through use of the term "deviate sexual intercourse," § 566.010(2), RSMo.1986, penetration is not necessarily an element of the offense. A wide variety of sexual activity involving the genitals of one person and the hand of another could be classified as sodomy. Sexual abuse therefore may be, but it is not necessarily a lesser included offense of sodomy. *Gibson, supra* at 100. Depending on the facts of the case, it may be the same crime.

The subject of sexual abuse as a lesser included offense of sodomy was considered

---

1. The function of a bill of particulars is to enable the accused to prepare for trial and to prevent surprise. Thus, it has long been the law that the state is restricted to proving what it has set forth in the bill. *Commonwealth v. Simione*, 444 Pa. 473, 291 A.2d 764, 766 (1972). The purpose of the bill of particulars is to give a defendant reasonable knowledge of the nature and character of the crime charged, and the effect, when filed, is to bind and restrict the state as to the scope of the indictment and to the proof offered in support of it. *Commonwealth v. Iannello*, 344 Mass. 723, 184 N.E.2d 364, 366 (1962). The state is restricted in its proof to the items specified in the bill of particulars. The purpose of this restriction is to prevent the state from charging the defendant with one crime

and convicting him of something else. *State v. Henderson*, 226 Kan. 726, 603 P.2d 613, 620 (1979). *See also, State v. White*, 260 Iowa 1000, 151 N.W.2d 552, 555 (1967); *State v. Anonymous*, 33 Conn.Sup. 716, 368 A.2d 609, 611 (1977); *State v. Knight*, 261 N.C. 17, 134 S.E.2d 101, 103 (1964); *State v. Myers*, 5 Utah 2d 365, 302 P.2d 276, 279 (1956).

2. A repetition of this error will not occur in future cases of first degree sexual abuse. The former instruction MAI–CR2d 20.16.2 has been modified in MAI–CR3d 320.16.2 by submitting the elements of sexual contact in the verdict director. Thus, a definition instruction for sexual contact is no longer to be used.

again in *State v. Holmes*, 654 S.W.2d 133 (Mo.App.1983), and, more recently, in *State v. Hicks*, 716 S.W.2d 387 (Mo.App.1986). The court in *Holmes* held that the elements of the offense of sodomy in a case not involving penetration and the elements of first degree sexual abuse are the same and therefore sexual abuse is not a lesser included offense of sodomy. In both *Holmes* and *Hicks* it was held that in such circumstances, the prosecution is put to an election as to which offense is charged and the court may not "instruct down" as to sexual abuse where the charge is sodomy.

In the present case, the evidence, viewed most favorably to the prosecution, proved a sexual act involving the genitals of the victim and the hand of appellant. The elements of the two crimes, summarized according to the facts shown by the state's evidence, may be outlined as follows:

*Sodomy*

1. Moseley not married to the victim.
2. Victim subjected to deviate sexual intercourse (involving genitals of the victim and the hand of defendant).
3. Victim less than fourteen years of age.

*Sexual Abuse In the First Degree*

1. Moseley not married to the victim.
2. Victim subjected to sexual contact (involving genitals of the victim and the hand of defendant for purpose of arousing or gratifying sexual desire).
3. Victim less than twelve years of age.

It is apparent that the same proof of conduct and the same acts of the defendant were relied on by the state in this case to establish the commission of both offenses. In consequence, there could be no basis in fact for the jury to acquit the defendant of sodomy and convict him of sexual abuse. For this reason, and on the authority of *Holmes* and *Hicks*, the state was not entitled to an instruction on sexual abuse which was not a lesser included offense of sodomy and was not separately charged.

At this point, we express no opinion on the question of whether the state may reprosecute Moseley for the offense of sexual abuse arising out of the same conduct alleged in the information previously filed. The issue of successive prosecutions may or may not emerge, depending on the future course of action which the state undertakes. It is sufficient for disposition of this appeal to decide that the offense of sexual abuse was submitted to the jury in error and because Moseley was acquitted of the only viable charge presented, that of sodomy, he is entitled to be discharged.

The judgment is reversed and appellant is ordered discharged.

All concur.