Oscar JONES, Movant–Respondent,

v.

STATE of Missouri, Appellant.

No. WD 39729.

Missouri Court of Appeals,
Western District.

March 29, 1988.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for appellant.

Gregg T. Hyder, Columbia, for movant-respondent.

Before LOWENSTEIN, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

This is an appeal by the State of Missouri from a judgment sustaining movant's Rule 27.26 motion and remanding the cause for resentencing. The judgment is reversed.

A sole point is presented, which charges that the judgment was clearly erroneous on the basis that the hearing court, sua sponte, concluded that movant was denied effective assistance of counsel when retained counsel failed to inform movant that he could request the appointment of a public defender, waiver of the filing fee and waiver of transcript costs if movant could not afford to pay for an appeal, since there is nothing in the record to support a finding of abandonment by counsel.

The record before this court clearly reveals that movant is not a person unfamiliar with the criminal justice system. In the underlying felony conviction, he was sentenced by the court as a persistent offender.

These proceedings commenced with movant being charged with burglary, second degree, in violation of § 569.170, RSMo 1986 and stealing, in violation of § 570.030, RSMo 1986. He was tried and convicted. He was sentenced to concurrent terms of ten years on each conviction on July 23, 1984. No appeal followed his conviction and this became the central issue in the Rule 27.26 proceeding.

Almost three years later, on March 2, 1987, movant, pro se, filed a Rule 27.26 motion. In his pro se motion, movant alleged that he was abandoned by counsel through counsel's failure to file an appeal and as a result thereof, he was deprived of his right to appeal. He raised additional claims, which included denial of effective assistance of counsel when defense counsel did not object to the state's evidence of prior convictions, failure to cross-examine witnesses, and failure to offer evidence to refute the state's evidence of prior convictions.

On June 20, 1987, through counsel, movant filed an amended Rule 27.26 motion. In this amended motion, movant alleged the following: He was denied effective assistance of counsel at his preliminary hearing when appointed counsel failed to challenge his identification as one of the participants in the crime. He further alleged that he was denied effective assistance of counsel when retained counsel, just prior to trial, attempted to secure on his behalf a plea bargain without his consent. Movant dismissed both appointed counsel and the first retained counsel. He then secured a third attorney retained by his mother and sister. This third attorney represented him at trial, filed a motion for new trial, and attended the sentencing hearing. No appeal followed.

As to the third attorney, movant alleged in his amended motion that counsel was ineffective by his failure to go and view the crime scene, by his failure to interview witnesses for the state prior to trial, by his failure to object to evidence which established movant as a persistent offender, and by his failure to protect movant's right to appeal.

A hearing was held on movant's amended motion on June 30, 1987. Before considering matters developed at this hearing which bear upon this appeal, it is noted that through his own testimony, movant made it clear that the only relief he was seeking was a reduction of his sentence to three years. There is nothing upon this record which discloses any other claim of relief by movant. It is obvious from movant's testimony that he strongly objects to the persistent offender act.

At the hearing, movant testified that while he did not receive an appeal, he was not aware whether counsel prepared any documents for an appeal. He testified that his sister and mother were paying counsel. He stated that he did not know whether either his sister or mother ever contacted counsel concerning an appeal. Neither the sister nor the mother appeared at the Rule 27.26 hearing. Movant further testified that he discussed the matter of an appeal only once with counsel and according to

movant, counsel told him not to worry about it at that time.

Under cross-examination, movant testified that counsel filed a motion for new trial and appeared with movant at movant's sentencing hearing. Movant further testified that subsequent to his incarceration, the time lapse being undeterminable from the record, he wrote a letter to counsel requesting a tape of his preliminary hearing. In this letter, movant admitted that he made no reference or inquiry about an appeal. Movant testified that about a year after his incarceration, he wrote the "court", asking this court for "papers" for an appeal and requesting a new attorney. It was movant's claim that he did not know he didn't have an appeal until about one year after his conviction.

Movant admitted that he took no steps to ensure counsel was retained to handle an appeal, but asserted that counsel "said he was going to appeal my case. That's what he told me."

Trial defense counsel was called to testify. He advised the court that he represented movant at trial, filed a motion for new trial, and attended movant's sentencing hearing. Counsel also testified that upon the overruling of the motion for new trial that he informed movant of his right to appeal, that there would be a $50.00 docket fee and the purchase cost of the trial transcript. Counsel, when asked, could not recall specifically if he discussed the total cost of the transcript with movant. Counsel further advised the court that movant did not tell him to appeal his case. Counsel informed the court that he had been hired by movant's relatives after movant had dismissed his first two attorneys. It was counsel's testimony that he was never contacted by movant after the overruling of the motion for new trial.

Under cross-examination, counsel stated that he took no steps to perfect an appeal "other than telling him [movant] what was required." Counsel also stated that he did not advise movant he could secure the public defender to appeal if movant could not afford an appeal. Counsel's explanation was that movant had been provided information about the availability of the public defender as the case progressed. Counsel then stated that if movant "had hired me, I would have appealed it." The record is quite clear that there is no evidence that counsel was ever hired or retained for any appeal.

The hearing concluded. Subsequently, the hearing court entered findings and judgment. As noted above, only one finding in support of the judgment is at issue on this appeal. In its findings, the hearing court declared:

Regarding Movant's right to appeal, the Court finds the Movant's attorney, L.R. McGee, did advise Movant of the right to appeal, including the necessary steps and attendant costs. However, counsel stated he did not tell Movant that he could request appointment of the Public Defender for appeal and request a waiver of filing fee and transcript costs. The Court finds evidence that others paid his legal fees to conclude Movant was indigent. Mr. McGee stated that if Movant had hired him, he would have appealed the case. Therefore, the Court holds that the Movant did not "knowingly" waive his right to appeal, that counsel on appeal would have been appointed for him if he couldn't afford a lawyer. Relinquishment of the right to appeal must be done "knowingly". *Ray vs. State*, 532 S.W.2d 478 (Mo.App.1975). The period between the verdict and the expiration of the time allowed in which to file an appeal is a critical state of the criminal proceeding and the right to counsel is in effect during that period. *State vs. Frey*, 441 S.W.2d 11 (Mo.App.1969).

The hearing court then entered its judgment, which read:

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** the Movant's motion under Rule 27.26 is hereby sustained, the sentence of July 23, 1984, is hereby vacated and the case returned to the trial court for resentencing.

On this appeal, the state challenges the hearing court's sua sponte finding that a retained attorney's failure to advise the client that the client could request appointment of the public defender is sufficient to support a finding of ineffective assistance of counsel.

It is not disputed by the parties herein that an appeal is a critical stage of criminal proceedings. This has been confirmed by our courts. *Green v. State*, 451 S.W.2d 82, 85 (Mo.1970); *Ray v. State*, 532 S.W.2d at 483. It has also been ruled that where a defendant desires the appeal of his conviction and *court appointed* counsel fails, without proper explanation, to take the requisite measures to perfect the appeal, such inattention to a client's interest is tantamount to ineffective assistance of counsel which is cognizable through a motion to vacate. *Pinson v. State*, 688 S.W.2d 783, 785 (Mo.App.1985), citing to *Green, supra.*

While the foregoing rule in *Pinson* declares the responsibility of counsel, that case also holds:

> However, the mere failure to take an appeal does not constitute ineffective assistance of counsel; only where the defendant wishes to appeal and his attorney either refuses or negligently fails to take the proper steps to appeal is there ineffective assistance of counsel. *Brown v. State*, 512 S.W.2d 404, 408[9] (Mo.App. 1974). It is implicit in this rule of law that the desire to appeal must have been communicated to counsel or otherwise understood by him. *Sampson v. State*, 570 S.W.2d 337, 338[1] (Mo.App.1978).

The present case presents a different twist to the rule announced in *Pinson.* As can be observed from the above-quoted finding, the hearing court herein did not find counsel ineffective for abandonment of movant by refusal or negligence in filing an appeal, but rather, the hearing court found counsel ineffective for his failure to advise movant that he [movant] could "request appointment of the Public Defender for appeal and request a waiver of filing fee and transcript costs." From that find-

ing, the hearing court concluded that movant did not "knowingly" waive his right to appeal.

Reduced to its simplest format, the above finding by the hearing court is a finding that an attorney can be found to be ineffective if the attorney fails to advise the client of the availability of the public defender, the waiver of filing fees and the cost of the transcript.

In determining this issue, it is necessary for this court to place the entire matter in proper perspective both as to the relevant events and the time sequence of those events. The record herein discloses that movant is not a person unfamiliar with the criminal justice system. Indeed, it is quite clear he is a persistent offender. At the very outset (preliminary hearing), he was represented by the public defender. He then was represented by a retained attorney paid for by his mother and sister. Being dissatisfied with the second attorney, he dismissed him also. Movant then was represented by a third attorney retained also by the mother and sister. The third attorney represented movant at trial, filed a motion for new trial, and appeared at movant's sentencing hearing.

There is no evidence upon this record that trial counsel was ever contacted by movant's mother or sister for purposes of representing movant on appeal. The only evidence which supports movant's claim in his testimony at the Rule 27.26 hearing is on redirect examination where he stated counsel had told him he [counsel] would file an appeal and during his further testimony where he claimed to have inquired of counsel about the cost of an appeal and was advised by counsel not to worry about it at that time.

According to movant, it was approximately a year after his incarceration that he learned no appeal had been filed. The record, however, reveals through cross-examination that movant, by mail, contacted counsel and stated that contact was for the purpose of obtaining a tape of his preliminary hearing and admitted not recalling

whether he mentioned an appeal to counsel or not. Movant admitted that his mother and sister, and not he, had retained counsel. He first testified that he did not know whether either his mother or sister ever contacted counsel concerning an appeal. Movant then claimed to have talked with his sister wherein by telephone the sister told movant she was paying for an appeal.

As regards the evidence relative to the above-quoted finding by the hearing court, there is the testimony of counsel that movant was aware of the availability of the public defender as the case progressed. In addition, the record reveals counsel's statement that he did not specifically (post-trial) advise movant of the availability of the public defender, and the waiver of filing costs and transcript costs for purposes of appeal.

While movant's testimony at the Rule 27.26 hearing could be liberally interpreted as a request of counsel to file an appeal, counsel testified specifically that movant did not make any such request. This court fully recognizes the hearing court's prerogative as to which evidence to accept and which witness to believe, and defers to what this court presumes the hearing court must have concluded, that is, movant did request an appeal. At best, movant's evidence on this point is vague and certainly is inconsistent with his conduct immediately following his sentencing and incarceration. Additional to this evidence is the past experience of this movant with the criminal justice system and the fact that he had initially been represented by the public defender.

As pointed out by the state on this appeal, the hearing court's finding upon which the judgment was entered amounts to a finding that a private attorney or retained counsel deprives an accused of the accused's right to effective assistance of counsel simply because the attorney fails to advise the accused that if the accused cannot pay for an appeal, the costs of the filing fee and transcript will be waived and a public defender will be appointed to represent the accused.

A review of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979) does not provide any specific guidelines as to whether the finding by the hearing court herein falls within the rules announced in those decisions. It is left to this court and others to determine from the particulars of any given case whether the standards in *Strickland* and *Seales* have been met.

Being mindful of the rules in *Strickland* and *Seales,* the particulars of the present case must be considered. In the present case, counsel had been retained by the mother and sister. Counsel represented movant at trial and through the post-trial motion and sentencing. There is nothing upon the record which reveals that movant, at the time to file an appeal, could not have had counsel paid by the mother and sister. Stated another way, no evidence exists upon this record which informed counsel of the mother's or sister's inability to pay for an appeal. Surely movant at the rule 27.26 hearing claimed his indigency, but there is no evidence that counsel was made aware that no funds were available (from the mother and sister) for purposes of appeal at the time of the appeal.

To agree with the hearing court, this court would have to declare that counsel was required to know beforehand that movant was without resources to pay counsel. Nothing upon this record discloses counsel was so aware. In fact, movant admitted that he was not aware if his funds resource (i.e., his mother and sister) ever contacted counsel after the trial of movant. Nothing requires an attorney to be clairvoyant. *Johnson v. State,* 479 S.W.2d 416, 420 (Mo. 1972). Without having been so informed, how can it be concluded that counsel was ineffective for failing to advise movant of the availability of the public defender and the waiver of fees and costs for appeal? It simply cannot follow and the hearing court erroneously so concluded.

It must be pointed out that this matter does not present an appeal from a finding

of abandonment by counsel, and upon this record a court would be hard pressed to make a finding of abandonment. Rather, the issue is ineffectiveness of counsel by failing to advise movant of the latter's right to the public defender and the waiver of fees and costs on appeal in light of the fact there is no evidence to establish that the attorney had reason to know movant was without funds to proceed with an appeal. This court concludes that under the facts and circumstances herein, the hearing court erred in making such a finding and thus concluding movant was denied effective assistance of counsel.

If this court might be permitted to indulge in what it perceives happened herein, as reflected by the transcript, and be permitted to express in an overly simple manner what it perceives happened, the following is presented:

Movant, a persistent offender, was represented by the public defender at the preliminary hearing. When the public defender did not pursue inquiry thought to be important by movant, he was dismissed by movant. Movant's mother and sister then hired an attorney. Just prior to trial, the hired attorney attempted to negotiate a plea bargain and as movant asserts, this attorney was fired for such activity because prior to such efforts, movant was not consulted. Enter attorney number three who, by movant's own testimony, was hired to represent movant at trial. Trial was held. Movant was convicted. Attorney number three files a motion for new trial. That motion was overruled. Movant and counsel appeared for sentencing. Neither the mother nor the sister contacted the attorney for purposes of appeal. The attorney did nothing relative to the appeal except explain to movant immediately after trial the costs, etc., involved in an appeal. Movant commenced his incarceration and after an undetermined amount of time, movant contacted the attorney but made no mention of an appeal. Movant, almost a year later, after learning of efforts of another inmate regarding an appeal, contact-

ed this court for papers to proceed with an appeal. His efforts to proceed with an appeal having failed, movant then proceeded with this Rule 27.26 motion which has led to this appeal.

It is the conclusion of this court that under the facts and circumstances of this case, the finding by the trial court that movant was denied his right to effective counsel, and hence did not "knowingly" waive his right to appeal premised upon the hearing court's finding that counsel was ineffective because he failed to advise movant of the availability of the public defender and the waiver of fees and costs for appeal, was clearly erroneous.

The judgment is reversed and movant's request for post-conviction relief is denied.

All concur.