STATE of Missouri, Respondent,

v.

Monte DAILEY, Appellant.

No. WD 57496.

Missouri Court of Appeals, Western District.

June 27, 2000.

---

3. Hinton filed a motion for attorney's fees on appeal. The motion is denied.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shawn J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

Before: LOWENSTEIN P.J., ULRICH and HOLLIGER, J.J.

HAROLD L. LOWENSTEIN, Judge.

Appellant, Monte Dailey, was found guilty after a jury trial of failure to return to confinement. § 575.220, RSMo 1994. Appellant waived counsel at trial and rep-

resented himself. However, Appellant requested appointment of counsel for assistance in preparation of his motion for new trial. The trial court denied his request. No motion for new trial was filed.

The facts are not in dispute. From 1987 until May 28, 1997, Dailey was continuously incarcerated. Early in 1997, he was approved for transfer to the Kansas City Community Release Center (Center) to serve the final year of his sentence. On May 28, 1997, Appellant boarded a bus which traveled from Jefferson City to Kansas City, at which stop Appellant was to disembark and report to the Center. Appellant never arrived at the Center and was later arrested in Anchorage, Alaska.

On the morning of trial Appellant appeared with counsel. At that time, Appellant signed a written waiver of counsel and elected to represent himself at trial on April 13, 1999. The jury found Appellant guilty of failure to return to confinement. The court granted Appellant twenty-five days in which to file a motion for a new trial. The following day, April 14th, Appellant sent the following letter addressed to the circuit clerk:

> Would you please notify the Court in Case No. CR0198–73F that I will be needing appointment of counsel to file my motion for a new trial. Would you please notify me right away of the Court's decision, as I only have twenty five days from 4–13–99 to file this Motion.

On April 26, 1999, the trial court denied Appellant's "Motion to Appoint Counsel for Purpose of Filing Motion for New Trial." Appellant never filed a motion for new trial. At sentencing, on July 6, 1999, Appellant appeared *pro se* and requested more time to file a motion for new trial. Appellant contended, "[He] didn't get the motion to file because [he] was not appointed a lawyer; and then, after that, [he] couldn't…didn't have time to file it within the 25 days." The trial court responded that it did not have jurisdiction to extend

Appellant's time to file a motion for new trial beyond the twenty five days already allotted. Thereafter, Appellant was sentenced to a term of two years imprisonment to run consecutive to the time Appellant was already serving. Additionally, Appellant requested and was granted appointment of counsel for the purpose of filing this appeal.

Appellant asserts four points of error, the first of which this court finds to be dispositive. It is Appellant's contention that the trial court committed plain error in overruling his request for appointment of counsel for the purpose of filing a motion for a new trial.

The parties disagree as to the applicable standard of review. Appellant, in his brief to this court, wrote, "[b]ecause the issue was not raised in a motion for new trial, Mr. Dailey requests review for plain error." The State contends, "the ruling on an untimely request for the assistance of counsel should be consigned to the trial court's discretion." Accordingly, the State proceeded with an abuse of discretion analysis of the trial court's denial of Appellant's request for counsel. After examining relevant caselaw, this court finds neither of the suggested standards applicable to review of this case.

In *Ball v. State*, 479 S.W.2d 486 (Mo. 1972), the Supreme Court of Missouri examined a situation similar to the one in the case at bar. There, defendant was found guilty of burglary. After conviction, defendant's attorney advised defendant that he would not file a motion for new trial because he found no error by the trial court. Subsequently, defendant filed a motion for appointment of counsel, claiming that his attorney had abandoned his case. The trial court took no action on defendant's motion. On appeal, defendant alleged as error the lack of assistance of counsel in preparation of his motion for a new trial. "The allegation was disposed of on the grounds that the appellant had *failed to demonstrate any error* on the trial which would afford a basis for relief

on appeal." *Id.* at 488 (Emphasis added). The *Ball* court noted that in reaching this decision the appellate court had relied upon *State v. Maness*, 408 S.W.2d 15 (Mo. 1966). The *Ball* court further recognized that,

> [t]he requirement of *Maness* that a defendant denied counsel to assist in the filing of an appeal must demonstrate that there was error on the trial was held inconsistent with the federally protected right of an indigent defendant to counsel at all critical stages of a criminal proceeding in *Maness v. Swenson*, 8th Cir., 385 F.2d 943. See *Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340.

*Ball*, 479 S.W.2d at 488. The court in *Ball* relied upon two federal cases in determining that a defendant denied assistance of counsel could not be made to prove error on the part of the trial court.

In *Maness v. Swenson*, 385 F.2d 943 (8th Cir.1967), the Eighth Circuit Court of Appeals examined a situation in which defendant was denied assistance of counsel on appeal, was unsuccessful on a motion for post-conviction relief claiming error on that basis, and subsequently filed a writ of habeas corpus in federal court. The Eighth Circuit noted that, in denying defendant's motion for post-conviction relief, "[t]he Missouri Supreme Court...predicated its decision on the asserted fact that Maness had *failed to show plain reversible error* was committed by the original trial court..." *Id.* at 944 (Emphasis added). In reversing the decision, the Eighth Circuit held:

> we do not think it is incumbent on him [defendant] to show plain error...the denial of assistance of counsel on appeal (where appeal is provided as a matter of right) in a state criminal case is violative of 'that equality demanded by the Fourteenth Amendment.'...The pertinent and critical issue in Maness's petition for post-conviction relief is not whether plain error was committed in the trial,

but whether he wanted to appeal or knowingly and voluntarily waived his right to appeal his original conviction. *Id.* at 945–46. Thus, the court in *Maness* found that a defendant denied assistance of counsel on appeal need not show plain error on the part of the trial court in order to prevail.

*Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), placed a similar issue before the United States Supreme Court. In that case, defendant filed suit for post-conviction relief claiming he had been deprived of his right of appeal by counsel. On appeal to the Ninth Circuit Court of Appeals, defendant's arguments were rejected with the court holding that defendant had failed to (1) disclose what errors he would have raised on appeal and (2) demonstrate that denial of an appeal had caused prejudice. *Id.* at 329, 89 S.Ct. 1715. In rejecting the Ninth Circuit's holding, the Supreme Court held:

> The Ninth Circuit seems to require an applicant...to show more than a simple deprivation of this right before relief can be accorded. It also requires him to show some likelihood of success on appeal; if the applicant is unlikely to succeed, the Ninth Circuit would characterize any denial of the right to appeal as a species of harmless error. We cannot subscribe to this approach.

*Id.* at 330, 89 S.Ct. 1715. The Supreme Court held that appeal based on denial of counsel does not permit review for error.

After analyzing the above mentioned federal caselaw, the Court in *Ball* held,

> [i]nasmuch as a motion for new trial is a basic step in the process of perfecting an appeal in this state, Supreme Court Rules 27.20 and 28.02, V.A.M.R., there can be no doubt that the rule applied in *Maness* and *Rodriquez* extends to that stage of the proceeding.

*Ball,* 479 S.W.2d at 488. The Supreme Court of Missouri mandated in *Ball* that when a defendant has been denied the assistance of counsel at the time for filing a motion for new trial, there need be no showing of error on the part of the trial court in order to successfully appeal.

Our Supreme Court has held the time for the filing of a motion for new trial to be a "critical stage" of a criminal proceeding. *Id.* ("The trial court's failure to consider Ball's request denied him of his right to representation of counsel at a critical stage of the proceedings."). In addition to *Ball,* there is a substantial amount of caselaw consistently holding that the time for filing a motion for new trial is a "critical stage" of a criminal proceeding. *See Nicholson v. State,* 524 S.W.2d 106, 111 (Mo. banc 1975); *Morse v. State,* 591 S.W.2d 726, 727 (Mo. App.1979); *Chastain v. State,* 688 S.W.2d 58, 60 (Mo.App.1985). In *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), the Supreme Court of the United States held,

> The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a *critical stage* of the proceeding. See, e.g., *Geders v. United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); *Herring v. New York,* 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); *Brooks v. Tennessee,* 406 U.S. 605, 612–13, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972); *Hamilton v. Alabama,* 368 U.S. 52, 55, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); *White v. Maryland,* 373 U.S. 59, 60, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); *Ferguson v. Georgia,* 365 U.S. 570, 81 S.Ct. 756, 5 L.Ed.2d 783 (1961); *Williams v. Kaiser,* 323 U.S. 471, 475–76, 65 S.Ct. 363, 89 L.Ed. 398 (1945).

*Cronic,* 466 U.S. at 659, 104 S.Ct. 2039 (Emphasis added). In the case at bar, the trial court's failure to appoint Appellant counsel at a critical stage of the proceeding, the time for filing a motion for new trial, denied Appellant his Sixth Amendment right to counsel.

The state argues that "appellant's request for counsel was not a timely request" in part because Appellant waived his right to counsel at trial and did not request assistance of counsel until after "[t]he verdict had been rendered, and the vast majority of the trial had been completed." The Ninth Circuit Court of Appeals addressed a similar argument in *Menefield v. Borg,* 881 F.2d 696 (9th Cir. 1989). There the court held that:

> the right of counsel is among the most fundamental rights of our criminal justice system...Because the right to counsel is so central to our concepts of fair adjudication, we are reluctant to deny the practical fulfillment of the right— even once waived—absent a compelling reason that will survive constitutional scrutiny. We are certainly unwilling to deny counsel because of some conception that the defendant's initial decision to exercise his Faretta right [to waive counsel] and represent himself at trial is a choice cast in stone...There are times when the criminal justice system would be poorly served by allowing the defendant to reverse his course at the last minute and insist upon representation by counsel...There is, however, a substantial practical distinction between delay on the eve of trial and delay at the time of a post-trial hearing.

*Menefield,* 881 F.2d at 698–701. In this analysis, this court agrees. Appellant has been denied a constitutional guarantee. Under the facts of this case, Appellant's request for counsel post-trial, after waiving counsel at trial, does not bar him relief based on the trial court's denial of his timely request.

Appellant has been denied his Sixth Amendment right to assistance of counsel at a critical stage of his criminal proceeding. The proper relief was set forth in *Ball v. State:*

> the judgment and sentence heretofore entered [shall] be set aside and the cause remanded to the trial court with direction to order the appellant to be brought before the court and there advised of his right to file a motion for new trial, with the assistance of counsel, and thereafter to proceed to dispose of the cause as if the jury verdict had been returned on the date that appellant shall appear before the court.

*Ball,* 479 S.W.2d at 490, citing *State v. Frey,* 441 S.W.2d 11, 15 (Mo.1969). The court will not address Appellant's remaining appeal points, as that would presuppose a result which is properly the decision of the trial court when considering Appellant's motion for a new trial.

The judgment of the trial court is reversed and remanded with directions to vacate the sentence and judgment and permit Dailey to file a motion for a new trial and for further appropriate proceedings. *Nicholson v. State, supra,* 524 S.W.2d at 111.

All Concur.