Joseph A. SMILEY, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 27302.

Missouri Court of Appeals,
Southern District,
Division Two.

July 28, 2006.

Kent Denzel, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Office of the Attorney General, Jefferson City, for respondent.

KENNETH W. SHRUM, Presiding Judge.

Joseph Smiley ("Movant") sought post-conviction relief via a Rule 29.15 motion after he was convicted on two counts of burglary in the second degree (§ 569.170).[1] In his motion, Movant alleged that he was

---

1. All rule references are to Supreme Court Rules (2005), unless otherwise indicated. All statutory references are to RSMo (2000), unless stated differently.

denied his constitutional right to counsel because the trial court failed to appoint an attorney to represent him in preparation for a direct criminal appeal. After Movant waived an evidentiary hearing, the motion court denied Movant's requested relief. We reverse and remand.

## STANDARD OF REVIEW

■ In a post-conviction case, an appellate court must affirm the rulings of the motion court unless it appears that its findings, conclusions, and judgment are "clearly erroneous." Rule 29.15(k); *Johnson v. State*, 102 S.W.3d 535, 537[1] (Mo. banc 2003). A motion court's findings and conclusions are clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm impression that a mistake has been made. *Id.* at 537[2].

## FACTS

In October 2001, Movant was charged with three counts of burglary in the second degree for breaking into businesses and stealing cartons of cigarettes.[2] The public defender's office was appointed to represent Movant, and attorney Shawn Markin entered his appearance on November 15, 2001. Over the next 18 months, attorney Markin was the primary lawyer working on Movant's criminal case.

On June 5, 2003, Christopher Hatley of the public defender's office entered his appearance. Apparently, problems arose between Hatley and Movant. On August 28, Hatley filed a motion to withdraw because Movant had asked that a new lawyer (other than Hatley) be appointed to defend him. On September 5, the motion was

heard and the trial court "sustained" Movant's "right to represent himself."

On October 9, 2003, Movant filed a motion to remove himself as counsel. He asserted he did not want to proceed *pro se* because he did not understand the law and he had insufficient access to "necessary materials to help him defend himself." At the October 21, 2003, hearing on that motion, Movant asked for the appointment of any lawyer other than Hatley. The trial judge told Movant that the court only had authority to appoint the public defender's office, and it was that entity that assigned specific lawyers.[3] The court denied Movant's request to be relieved from acting as his own lawyer and refused to appoint a public defender other than Hatley. Consequently, Movant represented himself at trial.

Following his conviction by a jury, a sentencing hearing was scheduled. After sentencing occurred, the trial court told Movant he had the right to appeal. Movant answered that he intended to appeal from the judgment entered. The court stated, "I'll show that you're going to appeal it. I will approve that you can file that appeal in forma pauperis." Movant next asked the judge for an attorney to help him with the appeal, to which the court responded: "I will assign the public defenders to represent you on the appeal. Okay. But you'll need to file the appeal, because they may not know about that or they may not get assigned to it within the next ten days. So you need to file the appeal within the next ten days."

Movant then asked where to file the appeal, and the court told him to file a notice of appeal in the circuit court clerk's office. The trial judge told Movant to ask

---

2. One count was dropped prior to trial.

3. *See, e.g., State ex rel. Robinson v. Franklin,* 48 S.W.3d 64, 69–70[6] (Mo.App.2001) (holding trial court has no jurisdiction to appoint a specific attorney from the public defender's office to a case).

for "the documents over at the jail for an appeal, the notice of appeal." To this statement, Movant nodded his head, and the proceedings ended.

Movant failed to file a notice of appeal. He did, however, file a timely Rule 29.15 motion for post-conviction relief, alleging "the trial court refused to appoint counsel for the purpose of filing a notice of appeal." Movant wanted the original sentence to be vacated and to be resentenced so that he would have the opportunity to file a timely notice of appeal. The motion court denied Movant's requested relief. This appeal followed.

## DISCUSSION AND DECISION

■ In his only point on appeal, Movant claims the motion court clearly erred when it found that his constitutional rights to effective assistance of counsel were not violated. The premise of Movant's post-conviction allegation is that the trial court was required under the law to appoint an attorney to aid Movant in filing his direct appeal. Movant argues that once he requested "an attorney to help [him] with this appeal," the trial court was obligated to appoint counsel for him. Movant claims he was prejudiced by the trial court's denial of a lawyer because it prevented him from filing an appeal.

In ruling Movant's post-conviction claim, the motion court made several pertinent findings. First, the motion court found that the trial court, in fact, appointed *appellate* counsel for Movant. This finding is apparently based on the trial court telling Movant that counsel would be appointed for an appeal, although Movant would have to file the notice of appeal himself. The motion court also found that Movant was not denied his right to counsel although no notice of appeal was filed. The motion court found:

"Movant did not request any other assistance with the process of filing the Notice of Appeal and appellate counsel was appointed. Movant having just completed an entire trial *pro se* (including the filing of a Motion for a New Trial) and having shown no reluctance to communicate with the Court on other occasions, there was no reason for the Court to assume that this procedure was beyond Movant's capacities in the absence of any complaint or request from Movant. There is no indication in the record or in Movant's pleadings that Movant ever notified the Court of difficulties he had in filing the Notice or requested interim assistance. Movant now suggests that the Court should have appointed the local public defender's office to prepare the Notice. However, the record indicates that Movant and the Public Defender's Office had a long running dispute over who would represent Movant which resulted in Movant representing himself at trial rather than accept designated counsel's assistance. Appointing the local public defender would have served no purpose except to reopen the old argument."

Based on these findings, the motion court denied Movant's Rule 29.15 motion.

■ "The right to effective assistance of counsel in a criminal trial is a fundamental aspect of the right to a fair trial." *Shopbell v. State*, 686 S.W.2d 521, 523[1] (Mo. App.1985). A criminal defendant is constitutionally entitled to effective assistance of counsel at all critical stages of the prosecution. *State v. Johnson*, 172 S.W.3d 900, 902[3] (Mo.App.2005). "The period between the verdict and the expiration of the time allowed in which to file an appeal is a critical stage of the criminal proceedings and the right to counsel is in effect during that period." *Shopbell*, 686 S.W.2d at 523[2, 3]; *see also State v. Dailey*, 21

S.W.3d 113, 115–17[2] (Mo.App.2000) (filing of a motion for new trial is critical stage); *Jones v. State,* 748 S.W.2d 878, 881 (Mo.App.1988) (taking "requisite measures" to perfect an appeal is critical stage).

Here, Movant specifically asked the court if he could have an attorney to help him "with this appeal[.]" The trial court told Movant that he would appoint *appellate* counsel for him, but he must file the notice of appeal *pro se.* This was a denial of Movant's constitutional rights to assistance of counsel. As Movant was indigent, he was entitled to have *post-trial* counsel appointed to ensure that he perfected his appeal as this was a critical stage of the criminal proceedings. *Dailey,* 21 S.W.3d at 115–17; *Jones,* 748 S.W.2d at 881; *Shopbell,* 686 S.W.2d at 523.

 Based upon a review of the entire record, we are left with a definite and firm impression that a mistake has been made. It appears that the motion court focused on the fact that the trial court promised Movant the appointment of appellate counsel. This promise, however, does not cure the deprivation of Movant's right to post-trial counsel at a critical stage of the proceedings. Although Movant represented himself at trial, once he requested counsel to secure his rights to an appeal, the trial court was required to appoint one. *Dailey,* 21 S.W.3d at 115–17. The motion court clearly erred when if found otherwise.[4]

The judgment of the motion court is reversed and the case is remanded. On remand, the motion court is directed to vacate and set aside Movant's sentence imposed on December 19, 2003, in case number 301CF9196. Thereafter, Movant is to be resentenced taking into account the time he has already served. Movant may then take a timely appeal to this court. *See, e.g., Id.* at 117; *State ex rel. Hahn v. Stubblefield,* 996 S.W.2d 103, 108–09 (Mo.App.1999).

GARRISON, J., and BATES, C.J., Concur.

---

4. The motion court also clearly erred when it based its judgment on two other facts: (1) that subsequent to his post-sentencing request, Movant never notified the court of troubles in filing the notice of appeal, and (2) that due to disputes with attorney Hatley, it would have been useless to appoint post-trial counsel. As to the former, we note that the trial court was required to appoint counsel when Movant first requested it regardless of subsequent requests. As to the latter, the simple filing of a notice of appeal would not likely have led to the same confrontation issues as a full-blown trial; moreover, there was no showing that Hatley would, in fact, have been appointed.